CHARLES H. FREEMAN, Plaintiff in Error, v. LAZARUS L. GUYER, Defendant in Error.

### ERROR TO PEORIA.

When a party accepts a note, assigned to him "without recourse," which is annexed to an agreement, that the real amount due upon the note is to be determined by a third person, there is no implied warranty on the part of the indorser, that the sum specified in the note was actually due. Without such agreement or knowledge of its existence, *quære*.

THE opinion of the court contains a full statement of the case.

This cause was heard by KELLOGG, Judge, without the intervention of a jury, at November term, 1851, of the Peoria Circuit Court. The defendant below brings the cause to this court.

H. O. MERRIMAN, for plaintiff in error,

Cited, Chitty on Bills, 234, and note (*a*)'; Pike *v.* Street, 1 Moody & Malkin, 226 ; Goupy *v.* Hardin, 2 Eng. Com. L. 306 ; Richardson *v.* Lincoln, 5 Met. 204 ; 1 Greenleaf's Ev. 351 ; 2 Stark. on Ev. 548 ; 1 Greenleaf's Ev. § 80.

O. PETERS, for defendant in error,

Cited, Rev. St. title Negotiable Instruments ; Lobdell *v.* Baker, 3 Met. 469 ; Same *v.* Same, 1 Id. 193 ; Long on Sales, 201 204 ; Chitty on Contracts, 447, note 4 ; Herrick *v.* Whitney, 15 Johns. R. 240 ; 27 Maine R. 225 ; Webster *v.* Bullock, 6 Georgia R. 230.

TREAT, C. J. Guyer sued Freeman before a justice of the peace, and recovered a judgment for $6.28. Freeman appealed to the Circuit Court, where the cause was heard by the court, and the judgment of the justice affirmed. The bill of exceptions shows, that Guyer read in evidence a note given by Bishop to Freeman, and indorsed by the latter to Guyer, also a judgment

in favor of Guyer against Bishop; and he proved by Bishop, that when the judgment was rendered, Freeman was present, and appeared to be aiding in prosecuting the suit. The note, indorsement, and judgment are not set out in the bill of exceptions. To supply this defect, the parties have stipulated that the statements and recitals in the transcript of the justice shall be taken and considered as a part of the evidence given on the trial before the Circuit Court. The transcript is as follows: "L. L. Guyer v. Charles H. Freeman. Action founded on balance due on a note, dated May the 12th, 1846, given to C. H. Freeman, signed by James H. Bishop, for fifteen dollars; to said note was connected an article of agreement, bearing the same date, signed by C. H. Freeman, stating that the opinion of Curtis Cady or Ezra Tucker should control the amount of said note; said note transferred without recourse, and sued by L. L. Guyer; in which suit James H. Bishop, defendant, brings Ezra Tucker to comply with the requirements of said article, and Tucker says the amount of said note should be ten dollars instead of fifteen; judgment rendered against said Bishop for ten dollars and interest. Plaintiff claims of defendant the balance due on said note; summons issued, August 9th, 1850, to appear on the 17th of same month, at 1 o'clock P. M.; summons returned by reading, so says constable Steadman; August 17th, 1850, at the hour set, after investigating plaintiff's claim, and defendant not appearing, judgment for plaintiff on default of defendant, for the sum of six dollars and twenty-eight cents, with costs of suit."

The only legitimate inference from the statements in the transcript is, that the article of agreement was attached to the note when it was assigned to Guyer. It was connected with the note when produced by him before the justice, and the strong presumption is, that it was so connected at the time he received the note from Freeman. If so, he acquired the note by indorsement, without recourse, with full notice that the sum named in the body of the note was not the true amount due upon it, but that the real amount was to be determined by Cady or Tucker. In such case, there was no implied warranty on the part of Freeman, that the sum specified was actually due on the note.

55*

If the agreement had been detached from the note, and knowledge of its existence withheld from Guyer, the law of the case might be very different.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*